IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LORRAINE ASSOCIATES, LLC,**<br>**Plaintiff,**<br><br>v.<br><br>**DORCHESTER INSURANCE COMPANY, TOPA INSURANCE SERVICES, INC., and TOPA INSURANCE COMPANY, INC.**<br>**Defendant.** | CIVIL CASE NO:<br><br>CIVIL ACTION |

## COMPLAINT

Plaintiff Lorraine Associates, LLC ("Lorraine") brings this Complaint against Defendants Dorchester Insurance Company ("Dorchester"), Topa Insurance Services, Inc. ("TIS"), and Topa Insurance Company, Inc. ("TIC"), and states as follows:

## THE PARTIES

1. Lorraine is a United States Virgin Islands limited liability company, whose sole members, L. Stephen Sudhop and Dolores Sudhop, reside at 896 Palmers Mill Road, Media, Pennsylvania, 19063, and thus is citizen of the Commonwealth of Pennsylvania.

2. Dorchester is a United States Virgin Islands corporation having a principal place of business at 5180 Dronningens Gade, Suite 202, St. Thomas, United States Virgin Islands, 00802, and thus is a citizen of the Virgin Islands.

3. TIS is a United States Virgin Islands corporation having a principal place of business at 5185 Dronningens Gade, Suite 2, St. Thomas, United States Virgin Islands, 00802, and thus is a citizen of the Virgin Islands.

4. TIC is a California corporation with a principal place of business at 24025 Park Sorrento, Suite 300, Calabasas, California, 91302, and thus is a citizen of the State of California.

## VENUE AND JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the case involves a controversy between citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

7. Lorraine owns a residential apartment complex located at 20-21A Estate Plessen, Frederiksted, St. Croix, United States Virgin Islands (the "Property").

8. TIC is licensed by the Pennsylvania Department of Insurance to issue policies of insurance in the Commonwealth of Pennsylvania.

9. Dorchester is wholly-owned subsidiary of TIC.

10. TIS and TIC are, in turn, wholly-owned subsidiaries of Topa Insurance Group, Inc., a California corporation having a principal place of business at 24025 Park Sorrento, Suite 300, Calabasas, California, 91302.

11. Dorchester, TIS, and TIC (collectively, "Defendants") hold themselves out as single, integrated unit where all "insurance operations are conducted under the Topa

Insurance Group umbrella" and that all insurance operations are headquartered in a single location.

12. On or about May 9, 2017, Dorchester issued a contract of insurance entitled "Special Multi-Peril Policy SMP-037064" (the "Policy") to Lorraine.

13. Prior to the issuance of the policy, Defendants had contact concerning the Policy with Lorraine's principals in the Commonwealth of Pennsylvania.

14. The Policy lists TIS as Dorchester's representative and agent for the issuance of the Policy.

15. The Policy insures Lorraine against various perils related to the Property.

16. Among other things, a "Loss of Rents Endorsement" incorporated in the Policy provides Lorraine with coverage of up $2,700,000.00 in lost rental income resulting from a covered loss to the Property.

17. In or about September, 2017, the Property was damaged by natural forces caused by, related to, or attendant to Hurricane Maria, which is a peril covered by the Policy.

18. As a result, Lorraine suffered lost rental income well in excess of the Policy's limits.

19. Lorraine promptly and timely submitted a claim under the Policy and otherwise complied with all conditions precedent necessary to obtain the full $2,700,000.00 in coverage under the Policy for loss rental income (the "Claim").

20. At all relevant times, TIS has acted as Dorchester's agent for the acceptance, adjustment, processing, and payment of the Claim.

21. Defendants have engaged in significant correspondence, contact, and negotiation with Lorraine and Lorraine's agents in Pennsylvania concerning the Claim.

22. Nevertheless, to date, Defendants have paid only $2,180,641 to Lorraine for lost rental income.

23. Accordingly, $519,359.00 remains due and owing to Lorraine from Defendants for lost rental income.

24. Despite demand by Lorraine, Defendants have refused to pay the amount due and owing.

25. At all relevant times, Defendants were the alter-egos of one another, acted in concert with one another, and/or otherwise conducted their business in a manner such that each is jointly and severally liable for the conduct of one another.

## COUNT I
### (Breach of Contract)

26. Each of the preceding paragraphs are incorporated and repeated by reference herein as if set forth at length.

27. The Policy is a valid and binding contract between Lorraine and the Defendants.

28. As set-forth above, Defendants have breached the Policy by failing to pay to Lorraine all insurance proceeds due thereunder.

29. As a direct and proximate result of the aforesaid breach, Lorraine has been damaged.

**WHEREFORE**, Plaintiff Lorraine Associates, LLC demands judgment against Defendants Dorchester Insurance Company, Topa Insurance Services, Inc., and Topa Insurance Company, Inc., jointly, severally, and in the alternative, for:

A. Compensatory Damages.

B. Consequential Damages.

C. Attorney's fees, interest, and costs of suit.

D. Such other and further relief as the Court may deem just and proper.

## COUNT II
### (Declaratory Judgment Pursuant to 28 U.S.C. § 2201 et seq.)

30. Each of the preceding paragraphs are incorporated and repeated by reference herein as if set forth at length.

31. As described above, an actual and justiciable controversy exists between Lorraine and Defendants regarding Defendants' obligations under the Policy.

32. As a party to the Policy, Lorraine has an interest in the resolution of that controversy.

33. A declaration of the parties' respective rights and obligations with respect to the Policy is not contingent on any future occurrence.

34. As such, this Court has jurisdiction under the Federal Declaratory Judgments Act, 28 U.S.C. § 2201 et seq., to issue judgment declaring the respective rights and obligations of the Lorraine and Defendants with respect to the Policy.

**WHEREFORE,** Plaintiff Lorraine Associates, LLC demands judgment against Defendants Dorchester Insurance Company, Topa Insurance Services, Inc., and Topa Insurance Company, Inc., jointly, severally, and in the alternative, for:

A. A declaration that Defendants must pay the balance of the loss rental policy limits to Lorraine.

B. Attorney's fees, interest and costs of suit.

C. Such other and further relief as the Court may deem just and proper.

## COUNT III
### (Bad Faith)

35. Each of the preceding paragraphs are incorporated and repeated by reference herein as if set forth at length.

36. The Policy is a contract of insurance between Lorraine, as insured, and Defendants, as insurers.

37. By way of the foregoing conduct, Defendants have breached that contract.

38. Defendants' failure to pay the remaining balance of the Claim is intentional and without the existence of any reasonably legitimate or debatable reason in either law or in fact for that failure.

39. Defendants are aware of the lack of a reasonably debatable reason for failing to pay the remaining balance of the Claim.

40. At all relevant times, Defendants' actions and omissions were outrageous, done with evil motive, or reckless indifference to Lorraine's rights.

**WHEREFORE**, Plaintiff Lorraine Associates, LLC demands judgment against Defendants Dorchester Insurance Company, Topa Insurance Services, Inc., and Topa Insurance Company, Inc., jointly, severally, and in the alternative, for:

- A. Compensatory Damages.
- B. Consequential Damages.
- C. Punitive Damages.
- D. Attorney's fees, interest, and costs of suit.
- E. Such other and further relief as the Court may deem just and proper.

### Demand for Trial by Jury

Plaintiff hereby demands trial by jury on all issues so triable.

|  |  |
|---|---|
| Date:  December 23, 2019 | **HANKIN SANDMAN PALLADINO, WEINTROB & BELL, PC**<br><br>_____ [JFP9109]<br>John F. Palladino, Esq.<br>Attorney ID # 323870<br>Colin G. Bell, Esq.<br>Attorney ID # 323217<br>Hankin Sandman Palladino Weintrob & Bell, P.C.<br>Counsellors at Law<br>30 S. New York Avenue<br>Atlantic City, NJ 08401<br>(609)-344-5161<br>john@hankinsandman.com |